FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 22 2015 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SADE COPPENS,

                Plaintiff,

-against-

AER LINGUS LIMITED,

                Defendant.
-------------------------------------------------------------X

ORDER
14-CV-6597 (JFB) (AKT)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Tomlinson, advising the Court to grant the defendant's motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, and dismisses the plaintiff's claims with prejudice.

## I. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the

1

report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. ANALYSIS

In her R&R, Magistrate Judge Tomlinson recommends that the Court grant the defendant's motion for dismissal under Federal Rule of Civil Procedure 12(b)(6), on the grounds that plaintiff accepted an accord and satisfaction of her claims. The recommendation was based upon Magistrate Judge Tomlinson's finding that (1) plaintiff's claims were governed by the Montreal Convention, and therefore all of plaintiff's claims for damages were subject to a maximum recovery cap of 1,131 SDR; and (2) plaintiff accepted a settlement of her claims by cashing a check from the defendant.[1] Plaintiff filed timely objections to the R&R. (*See* ECF No. 20.) In large part, plaintiff repeats the arguments set forth in her original briefing papers. First, plaintiff maintains that the Montreal Convention does not apply here because her personal effects were stolen, and not lost. Second, plaintiff argues that she accepted the settlement under protest, and therefore the endorsed check is not an accord and satisfaction of her claims. To advance this argument, she points to an email she sent before cashing the check, which inquires of the defendant whether the check represented a final

---

[1] Although the issues before the Court are presented in the context of a motion to dismiss, it was appropriate for Magistrate Judge Tomlinson to analyze documents outside the pleadings, such as the defendant's offer of settlement. These documents were incorporated by reference in plaintiff's complaint, which specifically addressed the defendant's letter offering a settlement. (Compl. ¶ 11.) In any event, plaintiff has not asserted any objection to the R&R on the grounds that it addressed matters outside the pleadings.

settlement offer. Finally, plaintiff argues that the check from the defendant did not resolve her claim regarding damage to her son's stroller.

Having reviewed plaintiffs objections, the relevant law, and the R&R, the Court agrees with Magistrate Judge Tomlinson's conclusion that plaintiff accepted an accord and satisfaction of all her claims against the defendant, and that the Montreal Convention precludes the plaintiff from asserting any other claims against the defendant. With respect to plaintiff's first two objections, those arguments were squarely presented to Magistrate Judge Tomlinson, and the Court agrees that these arguments lack merit. In brief, there is no dispute that the defendant offered the check as a "full and final settlement," and that plaintiff endorsed the check without explicitly reserving her rights or conveying her protest to accepting the funds in settlement of her claims. Whether or not plaintiff believed she was settling her claims is irrelevant, and it makes no difference that plaintiff now asserts that she was entitled to more than the amount of the settlement. What matters here is that plaintiff was offered a settlement and accepted it by endorsing a check. As a result of those acts, plaintiff's claims have been settled. Furthermore, the Montreal Convention precludes plaintiff from pursuing any additional claims beyond the claims that plaintiff has already settled. As Magistrate Judge Tomlinson explained, plaintiff's allegations of theft do not alter this conclusion, because employee theft is not an exception to the Montreal Convention's liability cap. Finally, to the extent plaintiff seeks compensation for the loss of her son's stroller, that claim cannot proceed. If the stroller belonged to the plaintiff, that claim has been settled as part of her individual claim for lost property. Alternatively, if the stroller belonged to plaintiff's son, Ms. Coppens cannot pursue that claim here because she lacks standing to assert claims on her son's behalf. *See Justice v. Kuhnapfel*, No. 13-CV-659 (MKB), 2013 U.S. Dist. LEXIS 58164, at *2 n.1 (E..D.N.Y. Apr. 22, 2013) ("Plaintiff, as a lay

3

person, cannot bring claims on behalf of her child or represent him in this action.") (citing *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010)). For these reasons, the Court fully adopts Magistrate Judge Tomlinson's conclusion that dismissal of the plaintiff's claims is warranted.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the R&R in its entirety. Accordingly, the defendant's motion to dismiss is granted, and the plaintiff's complaint is dismissed. Furthermore, the plaintiff is denied leave to re-plead her claim, because any claims arising from plaintiff's lost or damaged baggage have been settled, and are thus futile. The Clerk of Court shall close the case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: June 24, 2015
Central Islip, New York

4